Ting Xun ZHENG

v.

IMMIGRATION and NATURALIZATION SERVICE.

No. Civ.A. 02–525.

United States District Court, E.D. Louisiana.

June 20, 2002.

Ting Xun Zheng, plaintiff, [pro se], TPJ, Tangipahoa Parish Jail, Amite, LA, USA.

Kathryn Weekley Becnel, U.S. Attorney's Office, New Orleans, LA, for Immigration and Naturalization Service, defendant.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the petitioner's Habeas Corpus Petition, 8 U.S.C. § 2241. For the following reasons, the petition is DENIED.

#### Background

Petitioner Ting Xun Zheng is a citizen of the People's Republic of China. In 1992, Zheng tried to enter the United States using a fraudulent passport and applied for admission to this country. Zheng's application was denied by INS and he was detained and placed in exclusion proceedings. Zheng escaped from INS custody, and his exclusion proceedings were administratively closed.

In January 1999, Zheng was convicted of domestic assault in Vermont, and his immigration proceedings were reopened. An Immigration Judge found Zheng excludable as charged and he was ordered to be deported. Zheng appealed, and the Board of Immigration Appeals dismissed his appeal. The INS denied his requests for release from detention and has been unable to secure his deportation to China. Zheng now files this petition for a writ of habeas corpus challenging his detention.

### Law and Application

Judicial review of an administrative decision regarding immigration parole arises under 8 U.S.C. § 1329. A decision denying immigration parole is reviewed not under the traditional abuse of discretion standard, but only to determine whether it is supported by a facially legitimate and *bona fide* reason. *Garcia–Mir v. Smith,* 766 F.2d 1478, 1485 (11th Cir. 1985).

Congress has plenary power to admit aliens to the United States or to bar them from the country. *Kleindienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972). The only statutory authority for the release of excludable aliens[1] within the United States is the Attorney General's discretionary power to temporarily parole such aliens from immigration custody for "emergent reasons or reasons deemed strictly in the public interest" under 8 U.S.C. § 1182(d)(5)(A), or when he concludes that the alien will not likely pose a risk of flight or a risk to the community. 8 U.S.C. § 1231(a)(6). Therefore, when it is not practicable or possible to deport promptly an excludable alien, the Attorney General may continue to detain him. *See Shaughnessy v. United*

States ex rel. Mezei, 345 U.S. 206, 215–16, 73 S.Ct. 625, 97 L.Ed. 956 (1953); *Gisbert v. Attorney General,* 988 F.2d 1437, 1440–47 (5th Cir.), *amended,* 997 F.2d 1122 (5th Cir.1993).

Zheng contends that his release is required by the Supreme Court's decision in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), which found that admitted aliens could not be detained beyond a certain reasonable period after being ordered removed from the country. Zheng, however, was never admitted to this country and was never here legally. *Zadvydas* does not control the outcome of this case because it expressly applies only to aliens who were admitted and subsequently ordered removed. *Zadvydas,* 121 S.Ct. at 2495 ("We deal here with aliens who were admitted to the United States but subsequently ordered removed. Aliens who have not yet gained initial admission to this country would present a very different question."). The detention of aliens who have been denied initial admission to the United States does not implicate the Fifth Amendment, even if such aliens were subsequently paroled or released within the country. *See id.,* 121 S.Ct. at 2500–01; *see also Gisbert,* 988 F.2d at 1443. Neither the alien's continued detention because his own country will not accept his repatriation, nor the procedures for evaluating his eligibility for release from INS custody denies him any statutory or constitutional right. *See Gisbert,* 988 F.2d at 1441–44. The continued or indefinite detention of an excludable alien while the INS is trying to effectuate his departure does not violate the alien's constitutional rights. *See Mez-*

---

[1] The term "excludable" refers to aliens who were never admitted into this country; whereas "deportable" aliens have effected actual entry and admission and are ordered removed. Aliens subject to deportation are granted greater substantive rights than excludable aliens. *See Landon v. Plasencia,* 459 U.S. 21, 24–25, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982).

*ei,* 345 U.S. at 215–16. Moreover, Congress has authorized the Attorney General to continue to detain excluded aliens "whether or not they have been convicted of aggravated felonies, until the United States is able to deport them." *Gisbert,* 988 F.2d at 1447. Therefore, Zheng's continued detention does not violate any Constitutional or statutory rights.

Accordingly,

IT IS ORDERED: that the petition is DENIED.